UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JASON D. VASIL, on his own behalf
and on behalf of all those similarly situated,

              Plaintiff,

        v.

DUNHAM'S ATHLEISURE CORPORATION
d/b/a DUNHAM'S SPORTS,

              Defendant.

CIVIL DIVISION

Case No. _____

**COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND**

A.      ***Preliminary Statement***

1.      This action is brought to recover unpaid overtime compensation owed to the plaintiff, on his own behalf and on behalf of all those similarly situated, pursuant to Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.* (the "PMWA") and the Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* (the "WPCL").  For at least three years prior to filing this complaint, the defendant has had a uniform policy and practice of consistently requiring its "Assistant Store Manager" employees to work more than fifty hours per week for a salaried amount without overtime compensation.  The alleged "Assistant Store Manager" employees, including the plaintiff, performed managerial duties approximately less than 20% of the time during the week.  The remainder of their time is spent performing non-managerial functions, including, but not limited to, running the registers, assisting customers regarding sales, stocking merchandise, unloading trucks, light maintenance, janitorial duties and performing manual labor to set up and open new store locations.  A jury trial is demanded.

B.    *Jurisdiction and Venue*

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) and 28 U.S.C. § 1367 (supplemental jurisdiction over state claims).

3.    Venue is proper in this Court Pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to this claim occurred in this district and because the defendant has store locations and does business in this district.

C.    *The parties*

4.    The plaintiff Jason D. Vasil is an adult individual who currently resides in Surprise, AZ.  At all times relevant to this complaint, the plaintiff resided in Sharon, PA and was employed as an Assistant Store Manager for the defendant at its Hermitage, PA store location.

5.    The defendant Duham's Althleisure Corporation is an entity headquartered in Michigan that trades and does business as Dunham's Sports.  The defendant retails and sells a complete line of sporting goods, athletic equipment, active sports gear and leisure apparel and has over 200 store locations spread across Alabama, Georgia, Illinois, Kentucky, Maryland, Michigan, Minnesota, Massachusetts, Nebraska, North Carolina, Ohio, Pennsylvania, South Dakota, Tennessee, West Virginia and Wisconsin.

D.    *Collective Action Allegations*

6.    The plaintiff brings the First Cause of Action, on behalf of himself and a collective consisting of all persons who have worked for the defendant as an Assistant Store Manager in any of its store locations in the United States, including those states identified above, and who were classified as exempt by the defendant, who elect to opt in to this action (the "FLSA Collective").

2

7.      The defendant is liable under the FLSA for, among other things, failing to properly compensate the plaintiffs and the FLSA Collective.  The FLSA claim in this lawsuit should be adjudicated as a collective action.  Upon information and belief, there are many similarly situated current and former employees of the defendant who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and be given the opportunity to join the present lawsuit. Those similarly situated employees are known to the defendant, are readily identifiable, and can be located through the defendant's records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

E.      ***Class Action Allegations***

8.      The plaintiff brings the Second and Third Causes of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class consisting of all persons who have worked for the defendant as an Assistant Store Manager in Pennsylvania (the "Pennsylvania Class").

9.      The persons in the Pennsylvania Class identified above are so numerous that joinder of all members is impracticable. Although the plaintiff does not know the precise number of such persons, the facts on which the calculation of that number can be based are presently within the sole control of the defendant.

10.     Upon information and belief, the size of the Pennsylvania Class is at least 50 workers.

11.     The defendant acted or refused to act on grounds generally applicable to the Pennsylvania Class, thereby making appropriate final relief with respect to the Pennsylvania Class as a whole.

12.    The Second and Third Causes of Action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Pennsylvania Class that predominate over any questions solely affecting individual members of the Pennsylvania Class, including but not limited to:

(a)    whether the defendants failed to keep true and accurate time records for all hours worked by the plaintiff and the Pennsylvania Class;

(b)    what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

(c)    whether the defendant failed and/or refused to pay the plaintiff and the Pennsylvania Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of the PMWA and the WPCL;

(d)    the nature and extent of Pennsylvania Class-wide injury and the appropriate measure of damages for the Pennsylvania Class;

(e)    whether Defendants have a policy of misclassifying workers as exempt from coverage of the overtime provisions of the FLSA, PMWA, and WPCL; and

(f)    whether the defendant's policy of misclassifying workers was done willfully or with reckless disregard of the relevant statutes.

13.    The claims of the plaintiff are typical of the claims of the Pennsylvania Class he seeks to represent. The plaintiff and the Pennsylvania Class Members work or have worked for the defendant and have been subjected to its policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week.  The defendant acted and refused to act on grounds generally applicable to the Pennsylvania Class, thereby making declaratory relief with respect to the Pennsylvania Class appropriate.

14.    The plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Class. The plaintiff understands that, as the class representative, he assumes a fiduciary responsibility to the Pennsylvania Class to represent its interests fairly and adequately. The plaintiff recognizes that as the class representative, he must represent and consider the

4

interests of the Pennsylvania Class just as he would represent and consider his own interests. The plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Pennsylvania Class.  The plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Pennsylvania Class.  The plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify, if required, in a deposition and in trial.

15.      The plaintiff has retained counsel competent and experienced in complex class action employment litigation.

16.      A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Pennsylvania Class have been damaged and are entitled to recovery as a result of the defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the Pennsylvania Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about the defendant's practices.

F.      ***Factual Allegations***

17.     The plaintiff was hired into the position of Assistant Store Manager on July 16, 2012 and remained in that position until his resignation on April 25, 2014.

18.     The defendant wrongfully categorized this position as an executive/management position and, as such, the defendant wrongfully determined that it was exempt from coverage of the overtime provisions of the FLSA and PMWA.  The defendant paid the plaintiff, and all other similarly situated Assistant Store Managers, on a salaried basis without regard to the number of hours they worked each week.

19.     The plaintiff, and all other similarly situated Assistant Store Managers, worked more than 40 hours in any given week, and, typically, at least 50 hours.

20.     The plaintiff's day to day responsibilities as an Assistant Store Manager, and all those similarly situated, consisted of primarily non-exempt and non-managerial work duties, including, but not limited to, running the registers, assisting customers regarding sales, stocking merchandise, unloading trucks, rearranging store displays, shelving and inventory, remodeling, light maintenance, sweeping the floors and cleaning restrooms.

21.     The defendant had a policy and practice that required dozens of Assistant Store Managers to perform intense manual labor to set up new store locations.  Specifically, the defendant would send teams of Assistant Store Managers from other stores either in the district or outside of the district to a store location that was to be opened in the near future to perform the manual labor to get the store ready for its grand opening.  The Assistant Store Managers worked 12 to 15 hours per day over the course of four or five days unloading inventory and products from trucks, setting up shelving and store displays, stocking the shelves, building and rearranging fixtures and equipment in accordance with layouts provided to them and performing

other manual labor necessary to facilitate the completion of the store set up.  The Assistant Store Managers often had to drive between 6 and 20 hours from their homes in order to get to the new store location and typically stayed in hotel rooms at night until the project was completed.  The Assistant Store Managers were not paid overtime for this physical non-exempt labor.  All of the work performed by the Assistant Store Managers was non-exempt and they were closely supervised by the district manager for that store.  The defendant utilized Assistant Store Managers to perform this work as a way to reduce labor costs associated with the grand opening of a new store location.

22.     The plaintiff, and all those similarly situated, had limited management functions, including approving returns, some scheduling of employees and handling certain customer complaints; however, these managerial functions account for less than 20% of the time that the plaintiff, and all those similarly situated, spent working in any given week.

23.     The plaintiff, and all those similarly situated, was not permitted to interview potential job applicants, hire job applicants, terminate employees, review employee performance, set rates of pay or make decisions regarding increases or other changes to rates of pay for employees nor were their recommendations regarding such employment actions solicited or relied upon.

24.     The plaintiff, and all those similarly situated, was not vested with discretion regarding the operation and management of the store location.  They did not have authority or discretion to order merchandise, to make decisions regarding the placement of products in the stores, to set pricing for merchandise, to set opening or closing hours or to otherwise make decisions impacting the profitability or efficiency of the store operation.

25.     The services performed by the plaintiff and all those similarly situated were similar, in substantial part, to the services performed by non-exempt hourly employees and the plaintiff, and all those similarly situated, performed the non-exempt job functions along side of and with hourly employees working at the store.

26.     The systems, practices and duties of the plaintiff, and all those similarly situated, have existed for at least three years throughout the defendant's business.

27.     For at least three years, the defendant has been aware of the requirements of the FLSA and the PMWA and their corresponding regulations necessary to provide employees performing non-exempt work with overtime compensation. Despite this knowledge, the defendant has failed to pay its Assistant Store Managers the mandatory lawful overtime compensation or to conform the duties of these employees to the requirements of the FLSA and PMWA.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.***
**On behalf of the plaintiff and the FLSA Collective**

28.     The plaintiff incorporates by reference all allegations in all preceding paragraphs.

29.     The defendant engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

30.     At all times relevant, the plaintiff and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

31.     The overtime wage provisions set forth in the FLSA apply to the defendant and protect the plaintiff and the FLSA Collective.

32.     The defendant was an employer engaged in commerce and/or the production of

goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

33.     At all times relevant, the plaintiff and the members of the FLSA Collective were

or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

34.     The defendant intentionally and wrongfully categorized the plaintiff and the

members of the FLSA Collective as exempt employees, when, in fact, they performed primarily

non-exempt work.

35.     The defendant failed to pay the plaintiff and the members of the FLSA Collective

the overtime wages to which they are entitled under the FLSA.

36.     The defendant failed to keep accurate records of time worked by the plaintiff and

the members of the FLSA Collective.

37.     The defendant's violations of the FLSA, as described in this Complaint, have

been willful and intentional.

38.     The defendant did not make a good faith effort to comply with the FLSA with

respect to its compensation of the plaintiff and the members of the FLSA Collective.

39.     Because the defendant's violations of the FLSA were willful, a three-year statute

of limitations applies, pursuant to 29 U.S.C. § 255.

40.     As a result of the defendant's violations of the FLSA, the plaintiff and the

members of the FLSA Collective have suffered damages by being denied overtime wages in

accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of

such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other

compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**SECOND CAUSE OF ACTION**
**Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.***
**On behalf of the plaintiff and the Pennsylvania Class Members**

41.     The plaintiff incorporates by reference all allegations in all preceding paragraphs.

42.     The defendant has engaged in a widespread pattern, policy, and practice of violating the PMWA, as detailed in this Complaint.

43.     At all relevant times, the defendant has been, and continue to be an "employer" within the meaning of the PMWA.  At all relevant times, the defendant has employed, and/or continues to employ, "employee[s]," including the plaintiff, and each of the members of the prospective Pennsylvania Class, within the meaning of the PMWA.

44.     The PMWA requires an employer, such as the defendant, to compensate all non-exempt employees for all hours worked. The plaintiff and the Pennsylvania Class Members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

45.     At all relevant times, the defendant had a policy and practice of failing and refusing to pay overtime pay and other wages to the plaintiff and the Pennsylvania Class Members for their hours worked, including hours in excess of 40 hours per week.

46.     As a result of the defendant's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the plaintiff and the Pennsylvania Class Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, the defendant has violated, and continues to violate, the PMWA.

47.     As a result of the defendant's failure to record, report, credit, and furnish to the plaintiff and the Pennsylvania Class Members their respective wage and hour records showing all wages earned and due for all work performed, the defendant has failed to make, keep, preserve, and furnish such records, in violation of 43 Pa. Stat. § 333.108.

48.     The plaintiff, on behalf of himself and members of the Pennsylvania Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by the defendant, as provided by 43 Pa. Stat. § 333.113.

49.     As a result of the defendant's violations of the PMWA, the plaintiff and the Pennsylvania Class Members have suffered damages by being denied overtime wages in accordance with the PMWA in amounts to be determined at trial, and are entitled to recovery of such amounts, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

## THIRD CAUSE OF ACTION
### Wage Payment and Collection Law, 43 P.S. § 260.1 et seq.
### On behalf of the plaintiff and the Pennsylvania Class Members

50.     The plaintiff incorporates by reference all allegations in all preceding paragraphs.

51.     At all times relevant to this Complaint, the defendant was statutorily required, pursuant to the PMWA, to pay the plaintiff and the Pennsylvania Class members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek and to record properly, accurately and completely all time worked.

52.     As detailed in this Complaint, the defendant breached its statutory obligations.

53.     The defendant has no justification for its failure and/or refusal to pay.

54.     The conduct of the defendant constitutes violations of the WPCL.

55.     The defendant's breaches entitle the plaintiff and the Pennsylvania Class Members to a judgment that includes the wages due, liquidated damages in an amount equal to 25% of the total amount of compensation due or $500, whichever is greater, and the award of attorney's fees.

WHEREFORE, the plaintiff respectfully requests that a judgment be entered in his favor,

and in favor of all those similarly situated, in an amount to be determined at trial, including the

relief requested pursuant to the FLSA, PMWA and the WPCL as applicable, and another other

relief the Court deems just and proper.

                                                    Respectfully submitted,

                                                    */s/ Michael J. Bruzzese*
                                                    Michael J. Bruzzese
                                                    Pa. I.D. No. 63306

                                                    JOHNSON, BRUZZESE & TEMPLE
                                                    1720 Gulf Tower
                                                    707 Grant Street
                                                    Pittsburgh, PA 15219

                                                    (412) 281-8676

                                                    */s/ James G. Cirilano*
                                                    James G. Cirilano
                                                    Pa. I.D. No. 63957

                                                    CIRILANO & ASSOCIATES
                                                    722 Broadway Avenue
                                                    McKees Rocks, PA 15136

                                                    (412) 331-6040

                                                    Counsel for the plaintiff


Dated:  May 28, 2014