IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**JASON D. VASIL**, on his own behalf )
and on behalf of all those similarly situated, )
)
       Plaintiff, )
)
  v. ) 2:14cv690
) **Electronic Filing**
**DUNHAM'S ATHLEISURE** )
**CORPORATION** d/b/a DUNHAM'S )
SPORTS, )
)
       Defendant. )

## OPINION

Jason D. Vasil ("plaintiff") commenced this action on behalf of himself and all others similarly situated seeking redress against his former employer, Dunham's Athleisure Corporation ("defendant"), for the alleged failure to pay overtime wages under state and federal law. Plaintiff advances causes of action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43. Pa. Cons. Stat. § 333.101 *et seq*. (the "PMWA"), and the Wage Payment and Collection Law, 43 Pa. Cons. Stat. § 260.1 *et seq*. (the "WPCL"). Presently before the court is defendant's motion to dismiss the WPCL claim. For the reasons set forth below, the motion will be granted.

It is well-settled that in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). Under the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007), dismissal of a complaint pursuant to Rule 12(b)(6) is

proper only where the averments of the complaint plausibly fail to raise directly or inferentially the material elements necessary to obtain relief under a viable legal theory of recovery. Id. at 544. In other words, the allegations of the complaint must be grounded in enough of a factual basis to move the claim from the realm of mere possibility to one that shows entitlement by presenting "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In contrast, pleading facts that only offer "'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" nor will advancing only factual allegations that are merely consistent with a defendant's liability. Id. Similarly, tendering only "naked assertions" that are devoid of "further factual enhancement" falls short of presenting sufficient factual content to permit an inference that what has been presented is more than a mere possibility of misconduct. Id. at 1949-50; see also Twombly, 550 U.S. at 563 n. 8 (A complaint states a claim where its factual averments sufficiently raise a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim.") (quoting Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005) & Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741 (1975)); accord Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) (a court need not credit "bald assertions" or "legal conclusions" in assessing a motion to dismiss) (citing with approval Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed.1997) ("courts, when examining 12(b)(6) motions, have rejected 'legal conclusions,' 'unsupported conclusions,' 'unwarranted inferences,' 'unwarranted deductions,' 'footless conclusions of law,' or 'sweeping legal conclusions cast in the form of factual allegations.'").

This is not to be understood as imposing a probability standard at the pleading stage. Iqbal, 129 S. Ct. at 1949 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."); Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (same). Instead, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element ... [and provides] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Phillips, 515 F.3d at 235; see also Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) ("The complaint must state 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (quoting Phillips, 515 F.3d at 235) (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563.

Pursuant to these principles, the complaint sets forth the background below. Defendant is in the retail business of selling sportswear and sports equipment. Complaint at ¶ 5. It operates more than 200 store locations across the country. Id. Plaintiff worked for defendant as an assistant store manager from July 16, 2012 until April 25, 2014 at its Hermitage, Pennsylvania store. Id. at ¶¶ 4, 17. This position was made available to plaintiff as an executive management position that was salary-based and exempt from overtime wage law. Id. at ¶ 18. Although classified as an exempt position, plaintiff actually performed primarily manual labor and non-managerial duties. Id. at ¶¶ 20-21. He regularly was required to work in excess of forty hours per week. Id. at ¶ 19.

Plaintiff performed managerial duties less than twenty percent of the time. Id. at ¶ 22. Instead, he worked at registers, assisted customers, stocked merchandise, and performed

janitorial duties and other non-managerial tasks. Id. at ¶ 20. This non-managerial work was substantially similar to that performed by non-exempt hourly employees, and he performed these tasks alongside these employees. Id. at ¶ 25. Any managerial duties he did perform were limited to scheduling employee work hours, handling customer complaints and approving returns. Id. at ¶ 22.

Plaintiff was not authorized to interview or hire job applicants, terminate employees, review employee performance, or make decisions about changes in employees' rates of pay. Id. at ¶¶ 22-23. He likewise could not order merchandise, set store hours, or make other decisions regarding the operation of the store. Id. at ¶ 24.

Defendant frequently used assistant managers to perform "intense manual labor" in opening new stores. Id. at ¶ 21. This work included stocking shelves, organizing store displays, and arranging fixtures and equipment over the course of four or five days. Id. During these events, they worked twelve hours per day while under the supervision of the local store manager. Id. They would drive between six and twenty hours to reach these locations and would stay at hotels until the physical labor was finished. Id. These non-managerial responsibilities constituted the vast majority of the time worked at these events. Id. at ¶ 20. Plaintiff was paid as a salaried employee throughout his employment with defendant. Id. at ¶ 18.

Plaintiff asserts that defendant misclassified him as an exempt manager or executive in violation of the FLSA, PMWA and WPCL. Id. at ¶¶ 6, 12, 18. He alleges this was part of defendant's pattern and practice of misclassifying all assistant store managers to exempt them from being paid overtime compensation as required by law. Id. at ¶¶ 6, 12, 26.

Defendant moves to dismiss the WPCL count because plaintiff has not alleged a "contractual obligation" which entitle assistant managers to overtime compensation. It maintains that the WPCL can be invoked only where a plaintiff has alleged a contractual basis for

4

recovering overtime wages such as a formal contract or collective bargaining agreement. Because plaintiff has advanced a claim only for misclassification in violation of the FLSA and PMWA, a contractual basis for payment of overtime wages does not exist. Consequently, defendant asserts that the WPCL is not applicable.

Plaintiff counters that he has pled sufficient facts to show defendant failed to pay overtime in violation of the FLSA and the PMWA. From plaintiff's perspective, these statutory obligations provide a sufficient basis to invoke the WPCL.

As the parties aptly note, there is a split of authority on whether the WPCL is limited to wage claims grounded in the employment contract. The courts have not been consistent in identifying the circumstances needed to proceed under the WPCL. Careful consideration of these seemingly inconsistent lines of authority supports the conclusion that an expressed or implied contractual right is needed to pursue such a claim, and a statutory obligation to pay overtime wages based on the misclassification of an employee as exempt falls short of the mark.

Both the United States Court of Appeals for the Third Circuit and the Pennsylvania Supreme Court have observed that the WPCL's purpose is to provide for a contractual remedy. In ruling on the certification of a class, the Third Circuit held that the WPCL "does not create a right to compensation" but instead "provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages." De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003) (citation omitted); accord Weldon v. Kraft, Inc., 896 F.2d 793, 801 (3d Cir. 1990) ("[The] WPCL does not create a right to compensation. Rather, it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages."). Similarly, the Pennsylvania Supreme Court has recognized in passing that "[t]he Wage Payment and Collection Law provides employees a statutory remedy to recover wages and other benefits that are contractually due to them." Obernerder v. Link Computer Corp., 696 A.2d 148, 150 (Pa.

1997) (citing Killian v. McCulloch, 850 F. Supp. 1239, 1255 (E.D. Pa. 1994)). These interpretations are consistent with the text of the WPCL. See 43 Pa. Cons. Stat. § 260.5(a) ("the wages or compensation *earned* shall become due") (emphasis added); see also Weldon v. Kraft, Inc., 896 F.2d 793, 801 (3d Cir. 1990) ("The contract between the parties governs in determining whether specific wages are earned."). Neither the Third Circuit nor the Pennsylvania Supreme Court has retreated from this position.

Moreover, the weight of authority supports the view that there must be a "contractual obligation" before relief can be granted under the WPCL. In Braun v. Wal-Mart Stores, Inc., 24 A.3d 875 (Pa. Super. Ct. 2011), the superior court upheld a WPCL claim based on allegations by Wal-Mart employees that they were guaranteed rest breaks every few hours. Id. at 884, 956-57. An employee handbook stated both that these employees would be paid for rest breaks and the handbook was "'not a contract.'" Id. at 883. The court relied on a liberal interpretation of the statute to find that the promise to provide paid breaks was sufficient to constitute an agreement enforceable through the WPCL. Id. at 958. In doing so, it relied on the fact that rest breaks were mandatory, employees were subject to disciplinary action for violations and they were guaranteed paid breaks regardless of whether they actually took them. Id.

In Scott v. Bimbo Bakeries, U.S.A., Inc., 2012 U.S. Dist. LEXIS 26106 (E.D. Pa. Feb. 29, 2012), the court refused to extend the protections of the WPCL to truck drivers. Id. at *2, 16-17. It reasoned that as independent contractors, the truck drivers could not recover under the WPCL because they were not under a contract for wages. Id. It further held that violations of the FLSA and the PMWA cannot, in themselves, provide the needed contractual basis to invoke the WPCL. Id.

Plaintiff relies principally on two cases that permitted WPCL claims based on statutory violations of the FLSA and PMWA. In Lugo v. Farmer's Pride, Inc., 967 A.2d 963 (Pa. Super.

6

Ct. 2009), employees brought claims under the PMWA and WPCL to collect compensation for time spent donning and doffing protective gear at a chicken processing plant. Id. at 965. The court reversed the trial court's dismissal of the claims because the purpose of the WPCL is to permit the recovery of unpaid wages that are due. Id. at 969. It did not elaborate on the purpose of the WPCL or provide further support for its determination.

In Hively v. Allis-Chalmers Energy, Inc., 2013 U.S. Dist. LEXIS 80800 (W.D. Pa. June 10, 2013), Judge Fischer cited Lugo in permitting claims under the FLSA, PMWA, and WPCL to proceed for employees who were classified as supervisors but alleged that they were not exempt from overtime compensation under the wage laws. Id. at *1-2, 6-8. Judge Fischer accepted Lugo without additional in-depth consideration of whether the WPCL claim needed to be grounded independently in the underlying employment contract. Id.

This line of authority ultimately is unpersuasive because a violation of a statute does not impute provisions into a contract. Rather, the statutory violation invalidates it. See Watrel v. Commonwealth, 488 A.2d 378, 381 (Pa. Commw. Ct. 1985) ("As a general rule, an agreement which violates a statutory provision, 'or which cannot be effectively performed without violating [a] statute, is illegal, unenforceable, and void *ab initio*.'") (citation omitted)). Similarly, it does not reform a salary-based contract into an hourly-based one or a contract that the parties expressly or implicitly treated as an hourly-based one. Cf. Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 581 (1942) (an employment contract that provides a regular rate of pay for fluctuating hours worked that is at least equal to the statutory minimum wage cannot be used to defeat a recovery under the FLSA. "Implication cannot mend a contract so deficient in complying with the law."), overruled on other grounds by Trans World Airlines, Inc. v. Thurston, 469 U.S. 111 (1985); Brooks v. Village of Ridgefield Park, 185 F.3d 130, 134-36 (3d Cir. 1999) (the FLSA provides a statutory remedy of damages that is independent of the

7

employment contract). In other words, violations of the FLSA and/or the PMWA give rise to a statutory remedy, not one grounded in the employment contract itself and recovery of overtime wages under the WPCL must be based in the contract itself.

Consideration of the weight of reasoned authority supports the view that recovery under the WPCL is appropriate only if it is based in a "contractual obligation." De Asencio, 342 F.3d at 309; Weldon, 896 F.2d at 801 ("The contract between the parties governs in determining whether specific wages are earned.") (collecting cases). Plaintiff's failure to allege a contractually based entitlement to the disputed wages is fatal to his WPCL claim. Accordingly, defendant's motion must be granted.

Date: March 23, 2015

                s/David Stewart Cercone
                David Stewart Cercone
                United States District Judge


cc:  James G. Cirilano, Esquire
   Michael J. Bruzzese, Esquire
   Christian Ankowiak, Esquire
   Peter J. Ennis, Esquire
   James F. Hermon, Esquire
   Paul A. Wilhelm, Esquire
   Robert A. Boonin, Esquire

   (*Via CM/ECF Electronic Mail*)