UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON D. VASIL, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br> v.<br><br>DUNHAM'S ATHLEISURE CORPORATION, d/b/a DUNHAM'S SPORTS,<br><br>        Defendant. | CIVIL DIVISION<br><br>Case No.: 2:14-cv-00690-DSC<br><br>Honorable David Stewart Cercone |

**ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT,
SERVICE AWARDS, ATTORNEYS' FEES AND COSTS, AND DISMISSAL OF
LAWSUIT**

The above-entitled matter came before the Court on Plaintiff's Motion for Approval of Settlement, Service Awards, and Attorneys' Fees and Costs ("Approval Motion"). After reviewing the Approval Motion, the Memorandum of Law in Support ("Memorandum of Law"), and the Declarations of Justin M. Swartz, Gregg I. Shavitz, James G. Cirilano, and Michael J. Bruzzese, and supporting exhibits, and other supporting documents, the Court hereby finds as follows:

**The Settlement Is Approved.**

  1.  The Court approves and incorporates by reference all of the definitions contained in the Joint Stipulation of Settlement and Release ("Settlement Agreement").

  2.  The Court hereby approves the Settlement. Courts approve FLSA settlements that are reached as a result of contested litigation to resolve bona fide disputes.

  3.  Here, the Settlement meets the standard for approval. The Settlement resolves a bona fide dispute, is fair and reasonable, and furthers the FLSA's implementation in the workplace. *See Howard v. Philadelphia Hous. Auth.*, 197 F. Supp. 3d 773, 777 (E.D. Pa. 2016).

The Court also finds the Settlement fair and reasonable in light of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 156-57 (3d Cir. 1975).  The settlement followed adequate informal discovery, contested litigation and arms'-length negotiations with the assistance of an experienced mediator, Michael J. Leech.  Recognizing the uncertain legal and factual issues involved, the Parties reached their settlement after attending two private mediation sessions supervised by Mr. Leech.

**The Settlement Notice and Distribution Plain Are Approved.**

4.The Settlement Notice and Claim Form, as well as their proposed distribution plan, are hereby approved.  The Settlement Notice sufficiently informs Eligible Settlement Collective Members of the terms of the Settlement, including the allocation formula, how Eligible Settlement Collective Members may participate, the Settlement Award to which they are entitled, the scope of the release, and the request for attorneys' fees and costs.  Counsel for the Parties shall make the necessary corrections to fill in the blank dates in the Settlement Notice, and the Settlement Administrator shall distribute the Settlement Notices, Claim Forms, and Reminder Notices according to the procedure set forth in the Settlement Agreement.

**The Service Awards Are Approved.**

5.The requested Service Awards of $6,000 to the Named Plaintiff and $4,000 each to Opt-In Plaintiffs Kirkpatrick and Simerman ("Opt-In Plaintiffs") are approved.  The amounts shall be paid from the Gross Settlement Amount.

6.The requested Service Awards are reasonable in light of the significant contributions the Named Plaintiff and Opt-In Plaintiffs made to advance the prosecution and resolution of this lawsuit.  In examining the reasonableness of a requested service award, courts consider: (1) "the financial, reputational and personal risks to the plaintiff"; (2) "the degree to

which the Plaintiff was involved in discovery and other litigation responsibilities"; (3) "the length of the litigation"; and (4) "the degree to which the named plaintiff benefitted (or not) as a c[ollective] member." *Hall v. Best Buy Co.*, 274 F.R.D. 154, 173 (E.D. Pa. 2011).  The Court finds that these factors weigh in favor of the requested Service Awards.  Courts routinely approve service awards equal to or greater than the awards requested here.  *See, e.g., Creed v. Benco Dental Supply Co.*, No. 12 Civ. 01571, 2013 WL 5276109, at *7 (M.D. Pa. Sept. 17, 2013) (approving award of $15,000 to named plaintiff in FLSA collective action settlement); *Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472, 2013 WL 1209563, at *10 (S.D.N.Y. Mar. 21, 2013) (approving service awards of $15,000 and $12,500 to class representatives and $4,000 to an opt-in plaintiff in wage and hour action).

### The Settlement Administrator Is Approved.

7.     The Court approves Rust Consulting as the Settlement Administrator.

### The Attorneys' Fees and Costs Are Approved.

8.     Plaintiffs' Counsel's request for attorneys' fees and costs is approved.  The requested fee award is reasonable in light of the substantial benefit their efforts conferred on Eligible Settlement Collective Members who stand to recover pursuant to the Settlement Agreement.  Plaintiffs' Counsel's requested fee award is also reasonable because it is based on the reasonable number of hours worked (which were contemporaneously recorded) multiplied by their actual hourly rates, and those rates consistent with prevailing rates.  *See Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001) ("'When the applicant for a fee has carried his burden of showing that the claimed rates and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled.'").  In addition, because the fee award was negotiated after the substantive terms of the Settlement Agreement,

there is no "conflict of interest" that could have affected the Gross Settlement Fund. *See In re Chickie's & Pete's Wage & Hour Litig.*, 2014 WL 911718, at *4 (E.D. Pa. Mar. 7, 2014) (finding no conflict of interest where "the amount of attorneys' fees was not negotiated until after the substantive terms of the Proposed Agreement."). The Court also finds that the costs and expenses incurred by Plaintiffs' Counsel in litigating this matter are reasonable, and are therefore approved.

### Dismissal and Post-Dismissal Procedure

9. The Litigation is hereby dismissed with prejudice, with costs as provided above.

10. The Court will retain jurisdiction over this action for purposes of enforcing the Settlement Agreement.

11. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this 19th day of April, 2018

*DS Cercone*

Honorable David Stewart Cercone
United States District Judge